UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ALLEN MARK AJAN, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:02-CR-71 |
| | ) | NO. 2:06-CV-24 |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

On May 20, 2009, this Court entered a memorandum opinion and order, [Doc. 339], denying petitioner's motion pursuant to 28 U.S.C. § 2255, except for the single claim made by petitioner pursuant to *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004). Counsel was appointed to represent the petitioner on the remaining claim and the parties were afforded the opportunity to file further briefs on the issue.[1] On July 2, 2009, the United States filed a supplemental response on the *Combs* issue, [Doc. 345].

In the government response, the United States "has determined that it will not oppose petitioner's request to set aside his § 924(c) conviction as to Count Ten," given the "unique facts of this case." The government now agrees that petitioner's conviction on Count Ten should be vacated and an amended

---

[1] On August 17, 2009, petitioner filed a *pro se* "Motion For Leave To Supplement Petition," [Doc. 358]. On August 18, 2009, the Magistrate Judge denied the motion to supplement on the basis that counsel had been appointed and the Court would not consider any *pro se* pleadings filed by petitioner. Counsel was appointed to represent the petitioner, however, only as to the claim made under *United States v. Combs* and his motion for leave to supplement was not properly denied on that basis. Petitioner's motion for leave to supplement cited the Supreme Court's recent decision in *Arizona v. Gant* in support of his earlier argument that the search of his vehicle at the time of his arrest was illegal. This Court dealt with the issue of the warrantless search of petitioner's automobile in section IV(A) of its May 20, 2009, memorandum and reference was made in footnote 3 to the *Arizona v. Gant* decision. As noted there, *Arizona v. Gant* does not change the result with respect to the issue raised by petitioner about the warrantless search of his automobile. His motion to supplement was due to be denied, therefore, because of its futility.

Case 2:06-cv-00024   Document 22   Filed 09/01/09   Page 1 of 3   PageID #: 324

judgment entered setting aside the consecutive 300 month sentence imposed on that count. The government correctly asserts that a grant of the petitioner's motion as to Count Ten will not alter the sentences imposed on the remaining counts.

Therefore, for the reasons set forth herein and in the Court's May 20, 2009, memorandum opinion, the petitioner's § 2255 motion lacks merit as to all issues raised therein, except for the issue raised pursuant to *United States v. Combs*, and his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be **DENIED IN PART** and **GRANTED IN PART**. More specifically, the petition is **DENIED** as to all issues discussed in paragraphs IV(A)–(H) in the Court's May 20, 2009, memorandum opinion but is **GRANTED** as to the claim made by petitioner under *United States v. Combs*. Petitioner's conviction on Count Ten of the indictment (aiding and abetting possession of a firearm in furtherance of kidnapping, a crime of violence) is **SET ASIDE** and **VACATED** and an amended judgment will be entered in case No. 2:02-CR-71.

At the time of the entry of the Court's May 20, 2009, memorandum opinion and order, the Court reserved decision as to whether or not a certificate of appealability should be granted as to any issue pursuant to 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that

reasonable jurists could not find that this Court's dismissal of petitioner's claims as discussed in paragraphs IV(A)-(H) of the May 20 memorandum opinion was wrong or debatable. Therefore, the Court will deny petitioner a certificate of appealability as to each issue raised by him.

A separate order and judgment will enter with respect to petitioner's § 2255 petition and an amended judgment will be entered in case No. 2:02-CR-71, in accordance with the above opinion.

So ordered.

ENTER

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
